# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 09-cv-01732-REB-KLM

SCS INTERACTIVE, INC.,
a Colorado corporation, and
WHITEWATER WEST INDUSTRIES LTD.,
a Canadian corporation,

        Plaintiffs/Counterclaim-Defendants,

v.

VORTEX AQUATIC STRUCTURES INTERNATIONAL, INC.,
a Canadian corporation,

        Defendant/Counterclaim-Plaintiff.

## STIPULATED PROTECTIVE ORDER

The following order shall govern the production or provision of confidential information or things in this case for the purpose of responding to discovery requests or inquiries (to include but not be limited to interrogatories, requests for document production, requests for admissions, responses to subpoenas duces tecum, and deposition transcripts) and preparation for pre-trial hearings. Pursuant to this order the parties have the power to designate certain information as "Confidential Information." "Confidential Information" is herein described and defined as "Confidential" or "Confidential - For Counsel Only." The parties shall designate information as "Confidential Information" only in good faith and not as a mechanism to inhibit or complicate discovery.

## Definitions

1. "Confidential Information" as used herein means any type of information that is designated (pursuant to the conditions herein) by the supplying party in good faith as "Confidential;" or "Confidential - For Counsel Only," whether it be intangible confidential information, a document, information contained in a document, information revealed during a deposition (including transcripts and exhibits), information revealed in an interrogatory answer or otherwise. Specifically, "Confidential Information" shall refer to trade secrets, or other confidential research, development, or commercial information such as contemplated by Fed.R.Civ.P. 26(c) and case law decided thereunder, and also shall include information not generally disseminated or available to the public, information to which free access is not available to the public, information to which only limited access is permitted to employees of the supplying party, and/or information of which dissemination or disclosure would present a real or potential threat to the economic security of the supplying party.

2. "Supplying party," "designating party" and "producing party" are used interchangeably herein, and refers to the party making information available.

3. "Qualified Person" as used herein means:

    (a) Attorneys of record in this proceeding and any associated counsel and employees of such attorneys and counsel to whom it is necessary that the information be disclosed for purposes of this proceeding.

(b)    Any person hired by a party or its attorneys of record in this proceeding as an "independent expert," who is not employed by or associated with any party (other than for purposes of this litigation), and who agrees in writing to be bound by the terms of this Protective Order. The independent expert must complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order. The attorneys of record who represent the party that hires such independent expert are responsible for maintaining the original signed Exhibit A.

(c)    Not more than two (2) officers, directors or employees of the parties who are to be given access to Confidential Information on a "need to know" basis for the purpose of trial preparation and who agree, in writing, to be bound by the terms of this Protective Order. All such persons must complete and sign a Confidentiality Statement in the form of Exhibit A, attached, before being furnished with information or documents designated under any level of confidentiality identified in this Protective Order. The attorneys of record who represent the party are responsible for maintaining the original signed Exhibit A.

(d) Court reporter(s) employed in this action.

(e) The Court, any juror, or any other entity authorized by the Court or required by law.

### "CONFIDENTIAL" Designation

4. Documents and things produced which contain Confidential Information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

5. Information disclosed at a deposition (as well as through resulting deposition transcripts and exhibits) of a party, the present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this proceeding, or a third party in possession of confidential information of a party, may be designated as "Confidential" by: (a) indicating on the record at the deposition that the testimony is "Confidential" or "Confidential - Subject to Protective Order" and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 22 below.

6. Any information designated as "Confidential" or "Confidential - Subject to Protective Order" shall not be made available by the party receiving it to any persons or entities other than Qualified Persons.

### "CONFIDENTIAL - FOR COUNSEL ONLY" Designation

7. The use of any particularly sensitive information, such as financial information (including sales data) which has been designated as "Confidential" pursuant to the terms of this Protective Order, may be further restricted by the additional designation of such information as "for Counsel Only." Except as otherwise agreed to by the parties, or ordered by the Court, all "Qualified Persons" defined in Paragraph 3, supra, except those identified in Paragraph 3(c), shall have access to information designated "Confidential - For Counsel Only."

8. Documents and things produced which contain particularly sensitive information may be designated as such by marking each page of the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL - FOR COUNSEL ONLY"

or

"CONFIDENTIAL - ATTORNEY'S EYES ONLY"

In lieu of marking the original of documents, the party may mark the copies that are produced or provided.

9. Information disclosed at the deposition (as well as resulting deposition transcripts and exhibits) of a party, one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this

proceeding, or a third party in possession of Confidential Information of a party, may be designated as Confidential - For Counsel Only by: (a) indicating on the record at the deposition that the testimony is Confidential - For Counsel Only and is subject to the provisions of this Protective Order; or (b) following the procedure set forth in Paragraph 22 below.

10. The designating party shall have the right to have all non-Qualified Persons and all Qualified Persons identified in Paragraph 3(c) by an adversary party excluded from the room before the taking of testimony or any part thereof which the designating party designates as "CONFIDENTIAL - FOR COUNSEL ONLY" subject to this Protective Order.

## Provisions Applicable to Confidential Information

11. Except as set forth herein, documents produced which are subject to claims of Confidentiality, or Confidential - For Counsel Only as set forth herein shall be so designated at the time of furnishing to prevent dissemination or disclosure.

12. All documents and materials containing Confidential Information shall be maintained in the custody of the Qualified Persons and no partial or complete copies thereof shall be retained by anyone else at any location, except that Qualified Persons may retain documents for purposes of study, analysis and preparation of the case until the completion of their testimony, or the termination of their engagement for this case.

13. A party shall not be obligated to challenge the propriety of a designation of Confidential Information or "CONFIDENTIAL - FOR COUNSEL ONLY" at the time made, and a failure to do so shall not preclude a subsequent challenge to such

designation. In the event that the party receiving information designated as Confidential, or Confidential - For Counsel Only objects to such designation, that party shall notify the designating party in writing as to the specific objections, itemizing them with particularity, along with the basis (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve their differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining each parties' proprietary interest. In the event that the parties are not able to reach an agreement under this provision, the documents in question shall be the subject of an *in camera* review by the Court or magistrate. The party challenging or objecting to the "Confidential" or "Confidential - For Counsel Only" designation of a document shall be responsible for bringing the matter to the attention of the Court, but the party asserting such designation shall have the burden of establishing that information is entitled to confidential treatment or that it does warrant a designation of "Confidential" or "Confidential - For Counsel Only".

14. Nothing herein is intended in any way to restrict the ability of the receiving party to use Confidential Information produced to it in examining or cross-examining any employee, former employee, agent or expert of the producing party, or any person who authored or was a prior recipient of the Confidential Information; provided such use does not circumvent intentionally or recklessly the provisions and intent of this Protective Order.

15. Nothing shall prevent disclosure beyond the terms of this Protective Order if the party designating the information as Confidential Information consents, in writing,

to such disclosure, or if the Court, after notice to all parties orders such disclosure. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Information as it deems appropriate. This Protective Order shall not restrict the disclosure of material that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure, through no fault of the receiving party; (c) was received from a third party who was under no obligation of confidentiality to the producing party; or (d) is derived or obtained independently of the disclosure, any of which the receiving party shall have the burden of proving.

16. In the event that any Confidential Information is inadvertently disclosed by a party, or its counsel, to any non-Qualified person as defined herein, the party or its counsel inadvertently disclosing such Confidential Information shall: (i) use its best efforts to obtain immediate return of such Confidential Information and to bind such non-Qualified person to the terms of this Protective Order; (ii) as soon as possible upon discovery of the inadvertent disclosure, and in any event within three (3) business days of the discovery of such disclosure, inform such non-Qualified person of the provisions of this Protective Order and identify such person to the other party; and (iii) request such person to execute the Confidentiality Statement in the form attached hereto as Exhibit A. The provisions set forth in this Paragraph 16 shall not prevent either party from applying to the Court for further or additional relief.

17. In the event that any information is inadvertently disclosed or produced to the other party that should have been withheld subject to any recognized claim of privilege, such inadvertent disclosure or production shall not prejudice such claim or otherwise constitute a waiver of any recognized claim of privilege for such Confidential Information; provided that the party disclosing or producing such Confidential Information promptly makes a good faith representation that such disclosure or production was inadvertent or mistaken and takes prompt remedial action to withdraw such disclosure or production. Within three (3) business days of receiving a written request to do so from the party disclosing or producing such Confidential Information, the party receiving such documents or tangible items shall return all such documents or tangible items to the other party. The party receiving such documents or tangible items shall also destroy all copies of any such documents or tangible items; provided, however, that this Protective Order shall not preclude the party receiving such documents or tangible items from making a motion to compel production of the returned documents or tangible items, and retaining a summary of notes of the contents of such documents or tangible items for the sole purpose of making a motion to compel. The party producing such documents or tangible items shall retain a copy thereof for further disposition.

18. In the event that responding to a request to produce documents or tangible items would result in a breach of an agreement with a third party, the party to whom such disclosure request is made shall, no less than ten (10) business days prior to the date scheduled for production of such documents or tangible items, provide

written notice to such third party that documents or tangible items are subject to a discovery request and provide a copy of this Protective Order. The party to whom such disclosure request is made shall simultaneously provide notice to the other party that: (i) notice was provided to such third party along with a copy of the Protective Order; (ii) identify the type of information being withheld; and (iii) the name and address of such third party. To the extent permitted to do so under the subject agreement, the party to whom such disclosure request is made shall also simultaneously provide to the other party a copy (redacted if necessary) of the agreement that gives rise to the duty of confidentiality. The requested information shall not be produced without either the express written consent of such third party or an order from this Court compelling production.

19. A producing party who discovers that it inadvertently failed to designate any document as containing Confidential Information may make a subsequent designation, and from the moment the receiving party receives notice of such subsequent designation, the receiving party shall, subject to Paragraph 13, treat such document as containing Confidential Information, as provided herein.

20. Subject to Paragraphs 16 - 19 above, and any other applicable provisions of this Protective Order, no party shall be responsible to another party for any use made of information, documents, or others materials produced and not designated as Confidential Information; provided that such information, documents, or other materials, on their face or in the context of their disclosure, are not clearly understood to contain

Confidential Information or information that is subject to any recognized claim of privilege.

21. Any information produced under this Protective Order shall not be used for any purpose other than in connection with advancing this proceeding.

22. In addition to previous provisions herein relating to Confidential Information disclosed at a deposition, all depositions shall be treated as Confidential Information for a period of ten (10) business days (hereinafter "Confidentiality Designation Window") after the parties receive a transcript of said deposition, except Qualified Persons listed in Paragraph 3(c) may not receive such Confidential Information during the Confidentiality Designation Window. During the Confidentiality Designation Window, counsel for any party believing the deposition to contain Confidential Information or Confidential Information - For Counsel Eyes Only not already designated on the record, shall so designate such portions, by page and line numbers, in a writing served upon counsel for the opposing party. Such designated portions shall be treated in accordance with the provisions herein for said Confidential Information. The Confidentiality Designation Window may be shortened or enlarged by written consent of the parties.

23. A party who files or intends to file with the Court, or who seeks to use at trial, Confidential Information designated by anyone other than itself shall either:

    a. See to have the Confidential Information placed under seal by submitting to the Court a motion to seal pursuant to Rule 7.2; or

b. If the party does not seek to have the record containing such Confidential Information sealed, the submitting party, at least five (5) business days prior to filing or use of the Confidential Information, shall give notice to all other parties, and to any non-party that designated the materials Confidential Information pursuant to this Protective Order, of the submitting party's intention to file or use the Confidential Information, including specific identification of the information intended to be used. Any affected party or non-party may then file a motion to seal pursuant to Rule 7.2.

c. In the event of a motion to seal pursuant to Rule 7.2, the document subject to the motion shall be treated as lodged and sealed until such time as the Court rules as to whether the document is entitled to sealing. Once the Court has ruled on the motion to seal, the Confidential Information will be deemed filed as of the date of the initial lodging. If the Court denies the motion to file under seal, the Confidential Information will be filed without seal.

24. With respect to Confidential Information:

(a) In the event that any Confidential Information is used in any Court proceeding in this action, it shall not by such use lose its confidential status.

(b) This Protective Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information contains Confidential Information or whether its use should be restricted. Any such request must specifically and in detail identify the document or

information at issue. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

25. In connection with a motion to modify this Protective Order, the parties shall not be required to demonstrate a change of circumstances justifying the modification and it is the intention of the parties for the Court to consider that motion *de novo*, i.e., notwithstanding the terms of the original Protective Order executed by the Parties.

26. The designation of any discovery material in accordance with this Protective Order is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any Party that the designated material constitutes or contains any trade secret or confidential information.

27. Within two months after the conclusion of the trial and any appeals taken in this proceeding, all originals or reproductions of any documents produced by a party containing Confidential Information shall either be destroyed or returned to the producing party. A verified statement regarding the destruction of Confidential Information must be provided to the producing party by counsel of the party who destroys the same.

28. The parties agree that under no circumstances shall this Protective Order be interpreted or applied in any manner other than in full compliance with Rule 7.2.

29. This Protective Order shall be entered without prejudice to the right of any person to apply to the Court for such further protective orders under the provisions of the Federal Rules of Civil Procedure as justice may require.

IT IS SO ORDERED

                                           _____
                                           United States District Judge

ENTERED this 26 day of March 2010.

APPROVED FOR ENTRY:

By signing this Protective Order, all counsel of record hereto warrant that they are authorized by their respective clients to sign on behalf of and to bind such client to the terms hereof.

By: *[signature]*
William S. O'Hare
wohare@swlaw.com
J. Rick Taché
rtache@swlaw.com
Snell & Wilmer L.L.P.
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
Phone: (714) 427-7000
Facsimile: (714) 427-7799

Jessica E. Yates
jyates@swlaw.com
Snell & Wilmer L.L.P.
1200 Seventeenth Street, Suite 1900
Denver, Colorado 80202
Phone: (303) 634-2000
Facsimile: (303) 634-2020

Attorneys for Plaintiffs SCS Interactive, Inc. and Whitewater West Industries, Ltd.

By: *[signature]*
Harold R. Bruno, III
hbruno@rwolaw.com
Robinson Waters & O'Dorisio, P.C.
1099 18th Street, Suite 2600
Denver, CO 80202
Phone: (303) 297-2600
Facsimile: (303 297-2750

Michael R. Slobasky
mslobasky@jhip.com
Philip L. O'Neill
poneill@jhip.com
Jacobson Holman PLLC
400 Seventh Street, N.W.
Washington D.C. 20004-2218
Phone: (202) 638-6666
Facsimile: (202) 393-5350

Attorneys for Defendant Vortex Aquatic Structures International, Inc.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 09-cv-01732-REB-KLM

SCS INTERACTIVE, INC.,
a Colorado corporation, and
WHITEWATER WEST INDUSTRIES LTD.,
a Canadian corporation,

        Plaintiffs/Counterclaim-Defendants,

v.

VORTEX AQUATIC STRUCTURES INTERNATIONAL, INC.,
a Canadian corporation,

        Defendant/Counterclaim-Plaintiff.

---

## CONFIDENTIALITY STATEMENT

---

UNDERTAKING OF _____

STATE OF _____ )

COUNTY OF _____ )

I, _____, being duly sworn, state that:

    1.    My address is _____

    2.    My present employer is _____

    3.    My present occupation or job description is _____

    4.    I have received a copy of the Protective Order in this case signed by the Court.

    5.    I have carefully read and understand the provisions of the Protective Order.

    6.    I will comply with an of the provisions of the Protective Order.

7. I will hold in confidence, and not disclose to anyone not qualified under the Protective Order, any Confidential Information or information derived therefrom, including words, substance, summaries, abstracts or indices of Confidential Information disclosed to me.

8. I shall return all materials containing Confidential Information and summaries, abstracts, and indices thereof, and copies thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed, retained, or otherwise designated as a Qualified Person pursuant to the Protective Order.

9. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____
                                                                    Signature

11233722.2

*SCS Interactive, Inc., et al. v. Vortex Aquatic Structures, etc., et al.*
**US District Court, District of Colorado, Case No. 09-cv-01732-REB-KLM**

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, I electronically filed the document described as **Stipulated Protective Order** with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Jessica E. Yates<br>jyates@swlaw.com<br>Snell & Wilmer L.L.P.<br>1200 Seventeenth Street, Suite 1900<br>Denver, Colorado 80202 | Attorneys for Plaintiffs/Counterdefendants SCS Interactive, Inc. and Whitewater West Industries, Ltd.<br><br>Phone: (303) 634-2000<br>Facsimile: (303) 634-2020 |
| Harold R. Bruno, III<br>hbruno@rwolaw.com<br>Robinson Waters & O'Dorisio, P.C.<br>1099 18th Street, Suite 2600<br>Denver Colorado 80202 | Attorneys for Defendant/Counterclaim-Plaintiff Vortex Aquatic Structures International, Inc.<br><br>Phone: (303) 397-2600<br>Facsimile: (303) 297-2750 |
| Philip L. O'Neill<br>poneill@jhip.com<br>Michael R. Slobasky<br>Mslobasky@jhip.com<br>Jacobson & Holman PLLC<br>400 Seventh Street, N.W., Suite 600<br>Washington, D.C. 20004-2218 | Attorneys for Defendant/Counterclaim-Plaintiff Vortex Aquatic Structures International, Inc.<br><br>Phone: (202) 638-6666<br>Facsimile: (202) 393-5350 |

Dated: March 26, 2010    SNELL & WILMER L.L.P.


By: s/Jeffrey M. Singletary
    William S. O'Hare
    J. Rick Tache
    Jeffrey M. Singletary
    Attorneys for Plaintiff/Counterclaim-Defendant Whitewater West Industries, Ltd.